178        APPELLATE COURTS OF ILLINOIS.

Harbauer v. Springfield Consol. R. R. Co., 155 Ill. App. 178.

## John W. Harbauer, Appellee, v. Springfield Consolidated Railroad Company, Appellant.

CONTRIBUTORY NEGLIGENCE—*boarding crowded car.* If a plaintiff is injured by being pushed or jostled from a car because of its over-crowded condition, the question as to whether or not he was guilty of contributory negligence in boarding a car known to be crowded, is one of fact and not of law.

Action in case for personal injuries. Appeal from the Circuit Court of Sangamon county; the Hon. R. B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed March 30, 1910.

WILSON, WARREN & CHILD, for appellant.

ROBERT H. PATTON, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellee against appellant to recover for an injury claimed to have been received by reason of falling from the car of appellant in the city of Springfield. The negligence charged consists in permitting the car to be so over-crowded that by reason of the crowding and pushing of the people thereon, appellee was jostled or pushed from the car. Trial below resulted in verdict for $750.

Appellant operated a street car system in the city of Springfield and was also operating an amusement park, known as White City, east of Springfield. The cars going to this park on this occasion were crowded, passengers standing upon the running board as well as inside of the car. There was a number of people standing at what is known as Sixth street, and when the car reached this crossing, it stopped for the people, there congregating, to board the car. They did so, and the car afterwards proceeded upon its way; the conductor, in collecting the fares, was compelled to swing out, and pass the passengers standing upon the running board. It was while the conductor was collecting his fares in this manner that appellee fell from the car.

Harbauer v. Springfield Consol. R. R. Co., 155 Ill. App. 178.

There is a conflict in the evidence as to whether there was standing room in the aisles of the car, but there is no question but what the car was so crowded that people were compelled to stand upon the running board. The defense in this case denies the over-crowding of the car and insists, if the car was over-crowded, appellee in boarding a crowded car was guilty of such contributory negligence he cannot recover.

Upon the question of fact as to whether or not the car was over-crowded and whether or not the appellee was pushed or jostled from the car by means of its over-crowding, are questions of fact for the jury and by their verdict they have found adversely to the contention of appellant. We cannot say that the judgment in this case is not supported by the evidence; the evidence is contradictory and where the evidence on a question of this character is conflicting and there is sufficient evidence to warrant the verdict, this court will not interfere with the verdict, unless the verdict is manifestly against the weight of the evidence.

Appellant criticises the instructions refused by the court, offered on its behalf. These instructions are based upon the theory that the appellee was guilty of such contributory negligence by boarding a car which was crowded as it is contended this was, that he cannot recover, and each of these instructions upon that theory directed a verdict. To have given these instructions would have been to hold that as a matter of law it was negligence *per se* for appellee to ride on the running board. The supreme court has repeatedly held the question of contributory negligence in such case to be one of fact for the jury. Petersen v. E. A. & S. Traction Co., 238 Ill. 407; C. & A. R. R. Co. v. Fisher, 141 Ill. 614. It was not error to refuse them.

There is no error in the instructions given by the trial court and the verdict being warranted by the evidence, the judgment is affirmed.

*Affirmed.*